**FILED ELECTRONICALLY**

SCOTT A. KRONLAND (SBN CA171693) (*pro hac vice*)
P. CASEY PITTS (SBN CA262463) (*pro hac vice*)
MEGAN WACHSPRESS (SBN CA310558) (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  skronland@altber.com
         cpitts@altber.com
         mwachspress@altber.com

BRUCE M. LUDWIG
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3600
Facsimile: (215) 561-5135
E-mail:  bludwig@wwdlaw.com

*Attorneys for Defendant SEIU Local 668*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHALEA OLIVER,<br><br>             Plaintiff,<br><br>        v.<br><br>SERVICE EMPLOYEE INTERNATIONAL UNION LOCAL 668 et al.,<br><br>             Defendants. | CASE NO.:  2:19-cv-00891-GAM<br><br>**ANSWER OF DEFENDANT SEIU LOCAL 668** |

**ANSWER OF DEFENDANT SEIU LOCAL 668**

Defendant SEIU Local 668 ("Defendant") hereby submits its Answer to the Complaint filed by Plaintiff in the above-captioned action. Except as expressly admitted below, all allegations are denied.

1. The allegations of Paragraph 1 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. The allegations of Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. The allegations of Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. Those legal conclusions include characterizing a statute that speaks for itself, and to which Defendant respectfully refers the Court.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a legal response is required, Defendant denies the allegations in Paragraph 5.

6. Defendant lacks sufficient knowledge or information to admit or deny the first allegation of Paragraph 6, and on that basis denies that allegation. The remainder of Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7. Defendant admits that Plaintiff's Complaint seeks relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) but denies that Plaintiff has stated a cause of action or is entitled to relief.

**PARTIES**

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits that it represents certain public social service employees of the Commonwealth of Pennsylvania and that it is headquartered in Harrisburg, Pennsylvania. Defendant admits that it is an "Employe organization" and "Representative" within the meaning of the Pennsylvania Public Employe Relations Act ("PERA"). Defendant denies the remaining allegations in Paragraph 9.

1   10.     Defendant admits that Teresa D. Miller is Secretary of the Pennsylvania Department of Human Services and that her office is located in Harrisburg, Pennsylvania.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10, and on that basis denies those allegations.

11.     Defendant admits that Michael Newsome is Secretary of the Office of Administration and that his office is located in Harrisburg, Pennsylvania.  Paragraph 11 contains legal conclusions to which no response is required, including characterizing a statute which speaks for itself and to which Defendant respectfully directs the Court.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 11, and on that basis denies those allegations.

12.     Defendant admits that Josh Shapiro is Attorney General of the Commonwealth of Pennsylvania and that his office is located in Harrisburg Pennsylvania.  Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 12.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12, and on that basis denies those allegations.

13.     Defendant admits that James M. Darby, Albert Mezzaroba, and Robert H. Shoop, Jr., are members of the Pennsylvania Labor Relations Board.  Paragraph 13 contains legal conclusions to which no response is required.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13, and on that basis denies those allegations.

**JURISDICTION AND VENUE**

14.     Defendant admits that Plaintiff's Complaint seeks relief under 42 U.S.C. § 1983 but denies that Plaintiff has stated a cause of action or is entitled to relief.  The remaining allegations of Paragraph 14 consist of legal conclusions to which no response is required.

15.     Defendant admits that a substantial part of the events giving rise to this action occurred in this judicial district.  The remaining allegations of Paragraph 15 state a legal conclusion to which no response is required.

# FACTS

16.     Defendant admits that it entered into a collective bargaining agreement with the Commonwealth of Pennsylvania and that Exhibit A is a copy of such agreement.  Defendant denies that all provisions of Exhibit A are currently in effect.  Defendant denies the remaining allegations of Paragraph 16.

17.     The collective bargaining agreement is a written document that speaks for itself, such that no further response is required.  To the extent Plaintiff alleges that Defendant applied the terms of the Article to Plaintiff, Defendant denies that allegation.  Defendant denies that the quoted language is currently in effect or binding on the parties, or represents the current agreement between Defendant and the Commonwealth of Pennsylvania with respect to the subjects addressed therein.

18.     Paragraph 18 contains legal conclusions to which no response is required.  Those legal conclusions include characterizing statutes that speak for themselves and to which Defendant respectfully refers the Court.

19.     Paragraph 19 contains legal conclusions to which no response is required.  Those legal conclusions include characterizing statutes that speak for themselves and to which Defendant respectfully refers the Court.

20.     Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 20.

21.     The collective bargaining agreement is a written document that speaks for itself, such that no further response is required.  Defendant denies that the quoted language is all currently in effect or binding on the parties, or represents the current agreement between Defendant and the Commonwealth of Pennsylvania with respect to the subjects addressed therein.

22.     Paragraph 22 characterizes a statute that speaks for itself and to which Defendant respectfully refers the Court.

23.     Defendant admits that Plaintiff has been an Income Maintenance Caseworker at the DHS County of Philadelphia Assistance Office since December 2014.  Defendant lacks

1  sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23,
2  and on that basis denies those allegations.
3      24.     Defendant lacks sufficient knowledge or information to admit or deny the
4  allegations in Paragraph 24, and on that basis denies the allegations.
5      25.     Defendant lacks sufficient knowledge or information to admit or deny the
6  allegations in Paragraph 25, and on that basis denies the allegations.
7      26.     Defendant denies the allegations of Paragraph 26.
8      27.     Defendant admits that it received a letter from Plaintiff dated August 10, 2018,
9  requesting to withdraw from Union membership and purporting to revoke any prior authorization
10 for dues deductions.  Defendant lacks sufficient knowledge or information to admit or deny the
11 remaining allegations in Paragraph 27, and on that basis denies the allegations.
12     28.     Defendant lacks sufficient knowledge or information to admit or deny the first
13 statement in Paragraph 28, and on that basis denies the allegation.  Defendant denies the
14 remaining allegations in Paragraph 28.
15     29.     Defendant admits that it sent a letter to the Commonwealth on January 23, 2019,
16 instructing Plaintiff's employer to discontinue payroll deductions for Plaintiff.  Defendant denies
17 that this was the first letter sent to the Commonwealth with such instructions.
18     30.     Paragraph 30 contains legal conclusions to which no responses is required.
19 Those legal conclusions include characterizing statutes that speak for themselves and to
20 which Defendant respectfully refers the Court.
21     31.     Paragraph 31 contains legal conclusions to which no response is required.
22     32.     Paragraph 32 contains legal conclusions to which no response is required.  Those
23 legal conclusions include characterizing a statute and written document that speak for themselves,
24 and to which Defendant respectfully refers the Court.

## COUNT I

26     33.     Defendant incorporates by reference its responses to the allegations contained in the
27 preceding paragraphs as if fully set forth herein.
28

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 34.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 35

36. Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 36 and on that basis denies those allegations.

37. Defendant denies the allegations of Paragraph 37.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40. Paragraph 40 contains legal conclusions to which not response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41. Defendant lacks sufficient knowledge to admit or deny the allegation of Paragraph 41 concerning Plaintiff's state of mind and on that basis denies the allegation. Defendant otherwise denies the allegations of Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47. Defendant lacks sufficient knowledge to admit or deny the allegation of Paragraph 47 concerning Plaintiff's state of mind and on that basis denies the allegation.

Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47.

**COUNT II**

48. Defendant incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

49. Paragraph 49 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50. Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 52

53. Paragraph 53 contains legal conclusions to which no response is required.

54. Paragraph 54 contains legal conclusions to which no response is required.  Those legal conclusions include characterizing a statute that speaks for itself, and to which Defendant respectfully refers the Court.

55. Paragraph 55 contains legal conclusions to which no response is required.  Those legal conclusions include characterizing a statute that speaks for itself, and to which Defendant respectfully refers the Court.

56. Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it acted under color of state law in acting as Plaintiff's exclusive representative in negotiating certain of the terms and conditions of her employment.

57. Paragraph 57 contains legal conclusions to which no responses is required.

58. Paragraph 58 states a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 58.

59. Paragraph 59 contains legal conclusions to which no response is required.  To the

extent a response is required, Defendant denies the allegations of Paragraph 59.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 60.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 61.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not require a response. To the extent the Prayer for Relief, including each and all of its subparagraphs, states any allegations, Defendant denies them. Defendant denies that Plaintiff is entitled to any relief in this case.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are moot because Defendant has processed Plaintiff's resignation request and has refunded to Plaintiff any funds deducted from her wages following her resignation.

**SECOND AFFIRMATIVE DEFNESE**

Defendant acted in good faith based on the law in effect at the time.

**THIRD AFFIRMATIVE DEFENSE**

Defendant is entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant acted in accordance with state statutes, regulations, and controlling state court, Third Circuit, and U.S. Supreme Court precedent.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant acted without malice.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is entitled to governmental immunity because it acted in cooperation with public officials pursuant to state law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for monetary relief is barred because such relief would constitute unjust enrichment.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from seeking retrospective relief.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she consented to the actions that she challenges.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any relief awarded to Plaintiff must be offset by the benefits she received from representation by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statute of limitations to the extent she seeks relief for actions outside the applicable limitations period.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendant did not engage in "state action" within the meaning of 42 U.S.C. § 1983.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because *Janus* does not apply retroactively.

**ADDITIONAL DEFENSES**

Defendant reserves the right to amend its Answer to assert additional affirmative defenses based on further investigation and discovery.

**PRAYER**

WHEREFORE, Defendant prays that the Court

1. Deny Plaintiff any relief and enter judgment in favor of Defendant.
2. Award Defendant its costs and attorneys' fees.
3. Award Defendant such other and further relief as is just and proper.

//

//

//

| | | |
|---|---|---|
| 1 | Dated: May 7, 2019 | Respectfully submitted, |
| 2 | | /s/ P. Casey Pitts_____ |
| | | P. Casey Pitts (CA262463) |
| 3 | | |
| 4 | | SCOTT A. KRONLAND (*pro hac vice*) |
| | | P. CASEY PITTS (*pro hac vice*) |
| 5 | | MEGAN C. WACHSPRESS (*pro hac vice*) |
| 6 | | Altshuler Berzon LLP |
| | | 177 Post Street, Suite 300 |
| 7 | | San Francisco, CA  94108 |
| | | Tel.:    (415) 421-7151 |
| 8 | | Fax:    (415) 362-8064 |
| | | skronland@altber.com |
| 9 | | cpitts@altber.com |
| | | mwachspress@altber.com |
| 10 | | |
| 11 | | BRUCE M. LUDWIG |
| | | WILLIG, WILLIAMS & DAVIDSON |
| 12 | | 1845 Walnut Street, 24th Floor |
| | | Philadelphia, PA 19103 |
| 13 | | Telephone: (215) 656-3600 |
| | | Facsimile: (215) 561-5135 |
| 14 | | E-mail:   bludwig@wwdlaw.com |
| 15 | | |
| | | *Attorneys for Defendant SEIU Local 668* |

**CERTIFICATE OF SERVICE**

I, Casey Pitts, hereby certify that the foregoing Defendant SEIU Local 668's Answer has been filed electronically on May 7, 2019 and is available for viewing and downloading from the Court's Electronic Case Filing system by all counsel of record.

Date:   May 7, 2019                                  /s/ P. Casey Pitts
                                                                  P. Casey Pitts (CA262463)